FILED
MISSOULA, MT

2006 NOV 14  PM 5 15

PATRICK E. DUFFY

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

JEREMIAH C. SAVAGE,                      )     CV 06-153-M-DWM
                                         )
            Plaintiff,                   )
                                         )
       vs.                               )     ORDER
                                         )
SHERIFF HUGH HOPWOOD,                    )
UNDERSHERIFF MIKE JOHNSON, and           )
OFFICER KEITH MILES,                     )
                                         )
            Defendants.                  )
_____)

United States Magistrate Jeremiah C. Lynch entered Findings

and Recommendation in this matter on October 11, 2006. Savage

filed objections and is therefore entitled to de novo review of

the record. 28 U.S.C. § 636(b)(1). The parties are familiar

with the factual and procedural history so they will be recited

only as necessary.

Judge Lynch concluded that the claims addressed herein

should be dismissed with prejudice and I agree. The claims are

dismissed because in accordance with the requisite preliminary

screening they fail to meet the threshold set forth in 28 U.S.C.

-1-

§§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c)(1). Nor can the Complaint be cured via amendment.

Savage alleges claims pursuant to the Eighth and Fourteenth Amendments. Savage's Eighth Amendment claim for cruel and unusual punishment is not viable. The facts show Officer Miles had a legitimate reason to conduct the body search that included Savage's genital area. The search was conducted pursuant to violations of jail rules and was therefore not "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). The Court finds Savage's claim disingenuous in light of the fact that the search revealed two packets of tobacco wrapped around his penis. Notably, as Judge Lynch discussed, courts have repeatedly affirmed that conduct more invasive than that at issue here still conforms with the Constitution.

The Court also concurs that Savage's Fourteenth Amendment rights were not violated because of the manner of redress available to him. Judge Lynch noted that prisoners are not entitled to a grievance procedure. *See Mann v. Adams*, 855 F.2d 639 (9th Cir. 1988)(citation omitted). Moreover, Savage fails to argue that he could not file a grievance but rather he states he was afraid to file one. Savage says he was afraid to pursue this avenue of redress but he does not set forth facts that explain how this was a reasonable belief. Consequently, this aspect of Savage's Complaint also fails to pass preliminary screening.

Savage objects but he does not assert a compelling reason to

-2-

deviate from Judge Lynch's opinions.

Accordingly, based upon the foregoing I adopt Judge Lynch's Findings and Recommendation (dkt #7) in full: Plaintiff's claims addressed herein are DISMISSED with prejudice.

DATED this ___14___ day of November, 2006.

Donald W. Molloy, Chief Judge
United States District Court